[609 NYS2d 788]

In the Matter of KENNETH P. LOWENTHAL (Admitted as KENNETH PHILIP LOWENTHAL), an Attorney, Resignor.

Second Department, February 7, 1994

### APPEARANCES OF COUNSEL

*Kenneth P. Lowenthal,* resignor *pro se.*

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for Second and Eleventh Judicial Districts.

### OPINION OF THE COURT

Per Curiam.

Kenneth P. Lowenthal has submitted an affidavit, dated December 8, 1993, wherein he tenders his resignation as an

attorney and counselor-at-law (22 NYCRR 691.9). Mr. Lowenthal was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on June 25, 1969.

Mr. Lowenthal acknowledges that he is the subject of an investigation by the Grievance Committee for the Second and Eleventh Judicial Districts concerning allegations that, while acting as a conservator of an estate, he forged his coconservator's signature on checks payable to himself, totalling approximately $174,000. Mr. Lowenthal further acknowledges that if charges were predicated upon the misconduct under investigation, he would not be able to successfully defend himself on the merits against those charges.

Mr. Lowenthal's proffered resignation expressly states that it is submitted subject to any application which may be made by the Grievance Committee for the Second and Eleventh Judicial Districts for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection of the State of New York pursuant to Judiciary Law § 90 (6-a). Mr. Lowenthal acknowledges the continuing jurisdiction of this Court to make such an order. He further expresses an awareness that any order issued pursuant to Judiciary Law § 90 (6-a), may be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Lowenthal indicates that he is tendering his resignation freely and voluntarily, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Counsel for the Grievance Committee has recommended that the Court accept the resignation. Under the circumstances, the resignation of Kenneth P. Lowenthal as a member of the Bar is accepted and directed to be filed. Accordingly, Kenneth P. Lowenthal is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and O'BRIEN, JJ., concur.

Ordered that the resignation of Kenneth P. Lowenthal, admitted under the name Kenneth Philip Lowenthal, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective

immediately, Kenneth P. Lowenthal is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Kenneth P. Lowenthal shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kenneth P. Lowenthal is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Kenneth P. Lowenthal, is directed to make restitution in the amount set forth to the following parties whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection of the State of New York arising out of the misappropriation or misapplication:

Estate of Carl Richards                    $174,000

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment which shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.